DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Kathleen Kovach, appeals her convictions by the Lorain County Court of Common Pleas for corrupting a minor with drugs. We affirm.
Defendant, who was born on November 18, 1954, cultivated a friendship with Umar Bernacki and Jason Franz during the summer months of 1997. Both Bernacki and Franz were juveniles at that time. Over the course of the summer, Franz's father became suspicious of his son's relationship with Defendant. Suspecting that Defendant was engaging in illegal drug activity, Mr. Franz contacted the police, who initiated an investigation into her conduct. Officers contacted Defendant on August 29, 1997, to inform her of the nature of the allegations underlying the investigation. At that time, Defendant made a statement indicating that she had used marijuana with Franz on numerous occasions and that she had supplied the funds needed to purchase marijuana for his use.
On September 22, 1997, while the investigation into Defendant's drug activities was pending, officers of the Sheffield Lake Police Department were dispatched to the Franz home to investigate an attempted burglary in progress. When they arrived on the scene, the officers arrested Defendant, who had attempted to enter the residence through the first floor window to Jason Franz's bedroom.
On September 3, 1997, prior to her arrest, Defendant was indicted on two counts of corrupting a minor with drugs in violation of R.C. 2925.02(A)(4)(a), a felony of the fourth degree, arising from her relationship with Jason Franz. She was indicted on four additional counts of the same offense arising from her relationship with Umar Bernacki. Defendant pleaded not guilty to all charges and waived her right to a trial by jury. A trial to the bench commenced on September 29, 1998. On December 10, 1998, the trial court found Defendant guilty of all charges and entered sentence accordingly. Defendant timely appealed, assigning one error for review.
ASSIGNMENT OF ERROR I
 The trial court erred, and to the prejudice of [Defendant], by accepting the opinions of lay witnesses, casual users of marijuana, as proof beyond a reasonable doubt that a suspected substance was "marijuana," as the term is defined in R.C. 2925.01(AA) and R.C. 3719.01(P).
In her assignment of error, Defendant has argued that testimony by Umar Bernacki and Jason Franz could not be used to establish the identity of the substance as marijuana. She has argued that as a consequence, the trial court's judgment is not supported by sufficient evidence. We disagree.
Following the close of the State's case, Defendant moved for an acquittal pursuant to Crim.R. 29(A), which provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense[.]
If the evidence is such that reasonable minds could differ as to whether the State has proven each element of the offense beyond a reasonable doubt, then the trial court may not grant a motion for acquittal. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.;State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
In this appeal, Defendant has attempted to characterize Jason Franz and Umar Bernacki as casual users of marijuana who were unqualified to testify as experts. See, generally, State v.Maupin (1975), 42 Ohio St.2d 473, 479. Because this argument provides the foundation for her attack against the sufficiency of the evidence underlying her conviction, we must note that Defendant did not object to the content of Franz's and Bernacki's testimony during trial. Any error in this respect, therefore, may only be separately noticed to the extent that it constitutes plain error. See State v. Campbell (1994), 69 Ohio St.3d 38, 40-41; Crim.R. 52(B).
Defendant was convicted of six counts of corrupting a minor with drugs in violation of R.C. 2925.02(A)(4)(a), which provides that "[n]o person shall knowingly * * * [f]urnish or administer a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard." Defendant's statement to police, which was admitted into evidence at trial, provided:
 Since approximately June of 1997 I have on several occasions purchased marijuana with my money as well as with others [sic] money — Jason Franz — I have on many occasions smoked marijuana with Jason Franz and some of his friends. I have provided transportation for Jason to obtain the marijuana.
 In the month of August I probably shared marijuana with Jason about 15 times.
 The last time to my recollection was Sunday [August 25, 1997,] that I purchased and shared it with him.
This statement indicates that whether or not the substance offered was, in fact, marijuana, Defendant acted with the intent to provide marijuana to the juveniles. The plain language of R.C.2925.02(A)(4)(a) attaches the culpable mental state to the act of furnishing, but does not separately require that the offender know the actual identification of the substance. We decline to imply this additional requirement in the absence of any indication that the legislature intended to do so. See State v. Patterson (1982),69 Ohio St.2d 445, 447 (concluding that the language of R.C.2925.03(A)(1), which prohibits trafficking in drugs, does not permit knowledge of the nature of the substance to be implied as an element of the offense); State v. Brewer (Nov. 2, 1988), Summit App. No. 13633, unreported, at 7 (noting the applicability of this analysis to R.C. 2925.02(A)(4)(a)). See, also, State v. Mughni
(1987), 33 Ohio St.3d 65, 66 fn. 1; State v. Jones (May 2, 1995), Franklin App. No. 94APA08-1209, unreported, 1995 Ohio App. LEXIS 1837 at *8-9 (noting that "the primary thrust of R.C. 2925.02 is avoiding corruption and involvement of juveniles in the drug trade," and concluding that the actual nature of the substances involved cannot exonerate the offender).
The actual identity of the substance at issue is not dispositive of this case. Assuming, arguendo, that the admission of the juveniles' statements of identification was error, it could not result in plain error.[1] Defendant's assignment of error is overruled.
Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ LYNN C. SLABY
FOR THE COURT CARR, J., WHITMORE, J. CONCUR.
[1] But see, State v. McKee (Feb. 3, 2000), Marion App. No. 9-99-57, unreported, 2000 Ohio App. LEXIS 292, unreported. InMcKee, however, the court did not specifically address whether the culpability requirement of R.C. 2925.02(A)(4)(a) attaches to the identity of the substance. Concluding that the testimony of two teenage girls who had smoked joints provided by the defendant was impermissible to establish that marijuana was provided, the court held that, "but for the error, there would have been no evidence from which a rational trier of fact could conclude" that the defendant violated R.C. 2925.02(A)(4)(a) and took notice of plain error. McKee, supra, at *12-13. In addition, we note that the facts of this case are significantly distinguishable fromMcKee.